# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MAVIS MEIKLE, COURTNIE MEIKLE, STEVANNA MEIKLE, JESSICA MEIKLE, ASHLEY CREMEANS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 6:17-03194-CV-RK |
| v. | ) ) ) | |
| CITY OF REPUBLIC, OFFICER JOHN TINSLEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND CHIEF OF POLICE MICHAEL LAWTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND JUDGMENT APPROVING WRONGFUL DEATH SETTLEMENT

Pursuant to Mo. Rev. Stat. § 537.065, Plaintiffs Mavis Meikle-Bateman, Courtnie Meikle, Stevanna Meikle, Jessica Meikle, and Ashley Cremeans-Tiffany ("Plaintiffs") and Defendants City of Republic, Officer John Tinsley, and Police Chief Michael Lawton ("Defendants") have asked this Court to approve their Proposed Wrongful Death Settlement Agreement. The Court held a wrongful death settlement hearing on December 13, 2018. (Doc. 63.) The parties have waived their right to a jury trial and submitted a proposed settlement to the Court for approval. After careful consideration, the parties' Proposed Wrongful Death Settlement Agreement is approved, and the settlement proceeds shall be distributed in accordance with this Order.

### Background

The suit stems from of Decedent Destry Meikle ("Decedent")'s death on February 16, 2016. Plaintiffs filed suit under Missouri's wrongful death statute, RSMo. § 537.080, alleging wrongful death, assault/battery for purported violations of 42 U.S.C. § 1983, and for attorneys' fees under 42 U.S.C. § 1988. Plaintiffs have agreed to a settlement of all claims against Defendants. Plaintiffs and Defendants submitted evidence via affidavit at the December 13, 2018, hearing.

1

Plaintiff Mavis Meikle-Bateman is the natural mother of Decedent. Plaintiffs Courtnie Meikle, Stevanna Meikle, Jessica Meikle, and Ashley Cremeans-Tiffany are the natural and only children of Decedent. Decedent's father passed away prior to the Decedent's death. All Plaintiffs are above eighteen (18) years of age. There are no other beneficiaries pursuant to RSMo. § 537.095.1.

## Discussion

### A. Standard

The parties seek Court approval of the following: a settlement amount of the single combined sum of One Million Two Hundred Thousand and no/100 Dollars ($1,200,000.00), $480,000.00 for attorney's fees, and $44,886.65 for case expenses. RSMo. § 537.095 requires court approval for any settlement of a wrongful death claim brought under RSMo. § 537.080. RSMo. § 537.095 requires "upon the approval of any settlement for which a petition, or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them to the losses suffered by each as determined by the court."

In entering judgment, "[t]he court shall order the claimant: (1) To collect and receipt for the payment of the judgment; (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorney's fees as contracted . . . (3) To acknowledge satisfaction in whole or in part for the judgment and costs; (4) To distribute the net proceeds as ordered by the court; and (5) To report and account therefor to the court." RSMo. § 537.095.4. "Therefore, before granting judgment, the Court must resolve four questions: whether (1) the Plaintiff attempted to notify all parties having a cause of action arising from decedent []'s death, (2) the proposed settlement is properly apportioned, (3) the attorneys' fees provided in the proposed settlement are proper, and (4) the parties' proposal for distributing the settlement proceeds complies with the statutory requirement." *Lewis v. Blue Springs School District*, 2018 WL 1126751, at *2 (W.D. Mo. Mar. 1, 2018).

### B. Notice

If there are multiple parties with standing to sue under RSMo. § 537.080, before a settlement may be approved by the Court, the plaintiff must "satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." RSMo. § 537.095.1. "A party has a cause of action if he is 'the spouse or children or the surviving lineal

2

descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive." *Lewis*, 2018 WL 1126751, at *2 (quoting RSMo. § 537.080.1).

Plaintiffs assert they are the only parties with a cause of action under RSMo. § 537.080. Accordingly, the Court finds Plaintiffs are the only surviving parties with a cause of action under RSMo. § 537.080; therefore, the notice is satisfied. *See Lang v. Mino Farms, Inc.*, 2016 WL 4031230, at *2 (W.D. Mo. July 26, 2016) (the court held the plaintiffs satisfied the notice requirement because the plaintiffs are the only individuals that may recover for the decedent's death "because they are his only known spouse, children, parents, or siblings").

### C. Apportionment

Next, the Court must determine whether the apportionment of settlement proceeds between Plaintiffs is appropriate. The trial court has discretion in how to apportion the settlement in a wrongful death action. *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. App. 1996). Plaintiffs and Defendants have agreed to the following settlement distribution:

(1) Mavis Meikle-Bateman (mother) $135,022.67

(2) Courtnie Meikle (daughter) $135,022.67

(3) Stevanna Meikle (daughter) $135,022.67

(4) Jessica Meikle (daughter) $185,022.67

(5) Ashley Cremeans-Tiffany (daughter) $85,022.67

The Court finds this distribution fair and reasonable. *See Lewis*, 2018 WL 1126751, at *2 (the parties have agreed to the settlement proceeds . . . "[t]he Court finds no reasons to disturb this arrangement").

### D. Attorney's Fees

Next, RSMo. § 537.095.4(2) allows the court to award attorney's fees from the settlement proceeds as long as the attorney's fees are awarded as designated in the fee agreement between plaintiff and its counsel. If the plaintiff and his counsel have a signed fee agreement, the court cannot modify this fee agreement for purposes of awarding attorney's fees in a wrongful death settlement. *Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 327 (Mo. App. 1990). Therefore, "when considering a request for attorney's fees in this situation, a court is tasked only to establish that such contract exists, and if one does, the court must order payment per its terms." *Lewis*, 2018

WL 1126751, at *2 (citing *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. App. 1994). "The parties carry the burden of providing evidence of a fee arrangement contract." *Id.*

Here, Plaintiffs provided evidence of their fee arrangement with affidavits signed by all Plaintiffs and notarized. The affidavits state the Plaintiffs have a contingency fee arrangement with their counsel, and the contingency fee amount is forty percent of the amount recovered. The Court finds this affidavit sufficient to prove a contract for attorney's fees existed between Plaintiffs and their counsel; therefore, attorney's fees are awarded according to this fee arrangement. *See Lang*, 2016 WL 4031230, at *2 (the court held the attorney's fees as a contingency fee of forty percent was proper because the "attorneys have performed substantial work preparing for and prosecuting this lawsuit").

### E. Case Expenses

RSMo. § 537.095(2) allows the court to deduct the case expenses from the settlement proceeds. Plaintiffs and Defendants agree $44,886.65 is the appropriate calculation of case expenses and should be deduced from the settlement proceeds. The Court agrees with the parties and finds this amount fair and reasonable.

### F. Release

While Defendants have denied and continue to deny any and all liability in this matter, Plaintiffs have agreed to compromise and settle all claims made or which could have been made by Plaintiffs or any of them against any Defendant which in any way arise from or in any way are related to the death of Decedent in exchange for a one-time payment (jointly and severally) of the single combined sum of $1,200,000.00. Plaintiffs signed and executed such a release. The parties are directed to file this release with the Court.

### G. Judgment and Distribution

The Court must order Plaintiffs to collect on the judgment, deduct case expenses, deduct attorney's fees, distribute the proceeds, and notify the Court when these steps have been completed. RSMo. § 537.095.4. This process must be strictly followed. *Parr v. Parr*, 16 S.W.2d 332, 338-39 (Mo. banc 2000). At the settlement hearing on December 13, 2018, Plaintiffs' counsel received a settlement check from Defendants for the full amount of settlement. In accordance with the entry of this Order, Plaintiffs' counsel is ordered to distribute the settlement proceeds as directed by this Court. The Court directs the following distribution from the settlement proceeds:

(1) Plaintiff Mavis Meikle-Bateman shall receive $135,022.67;

(2) Plaintiff Courtnie Meikle shall receive $135,022.67;

(3) Plaintiff Stevanna Meikle shall receive $135,022.67;

(4) Jessica Meikle shall receive $185,022.67;

(5) Ashley Cremeans-Tiffany shall receive $85,022.67;

(6) The Legal Solution Group shall receive $44,886.65 for case expenses; and

(7) The Legal Solution Group shall receive $480,000 for attorney's fees representing forty percent of the total settlement.

After the funds are distributed as directed, Plaintiffs shall acknowledge full settlement of claims against all Defendants in this case.

## Conclusion

Accordingly, for the foregoing reasons, the parties' Proposed Wrongful Death Settlement Agreement is approved, and the Court **ORDERS** the following:

(1) Plaintiffs are directed to collect on the judgment, deduct case expenses, deduct attorney's fees, and distribute the proceeds in accordance with this Order;

(2) Plaintiffs are directed to file a report with the Court once the funds are received and distribution finalized pursuant to RSMo. § 537.095.4;

(3) The parties are directed to file the signed and executed release with the Court; and

(4) After complying with the above requirements as set out in § 537.095.4, the parties shall file a stipulation of dismissal with prejudice with the Court.

**IT IS SO ORDERED.**

                                                          s/ Roseann A. Ketchmark
                                                          ROSEANN A. KETCHMARK, JUDGE
                                                          UNITED STATES DISTRICT COURT

DATED: December 17, 2018